# UNITED STATES DISTRICT CIRCUIT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**00-73066**

CHRONIC 2001 TOURING, INC, a California
Corporation and ANDRE YOUNG a/k/a DR. DRE,
An individual residing in California,

Case No.

Plaintiff,

Hon. PATRICK J. DUGGAN

vs.

THE CITY OF AUBURN HILLS,
a Michigan Municipal Corporation.

MAGISTRATE JUDGE MORGAN

Defendant.
_____/

*HONIGMAN MILLER SCHWARTZ AND COHN*
Attorneys for Plaintiffs
By:   Herschel P. Fink (P13427)
      Cynthia G. Thomas (P43501)
      Lawrence J. Murphy (P47129)
2290 First National Building
Detroit, MI  48226
Phone:  (313) 465-7400
_____/

## CERTIFICATE

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court nor has any such action been previously filed or dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of having been assigned to a judge in this court.

_____
Herschel P. Fink (P13427)

## COMPLAINT

Plaintiffs Chronic 2001 Touring Inc. and Andre Young a/k/a Dr. Dre ("Plaintiffs"), by their attorneys Honigman Miller Schwartz and Cohn, for their Complaint against Defendant The City of Auburn Hills ("Defendant"), state:

### JURISDICTION, VENUE, PARTIES

1. Plaintiff Chronic 2001 Touring, Inc. is on information and belief a California corporation with its principal place of business in Los Angeles, California.

2. Plaintiff Andre Young a/k/a Dr. Dre is an individual who resides in the State of California.

3. Defendant The City of Auburn Hills is, upon information and belief, a Michigan municipal corporation located in Auburn Hills, Michigan, Oakland County.

4. This action arises out of the civil rights laws of the United States, 42 USC § 1983.

5. Pursuant to 28 U.S.C. §1391, venue is proper in this Court because Defendant is a municipal corporation located in this District.

### GENERAL ALLEGATIONS

6. At relevant times, Plaintiffs have been engaged in the production and performance of a national concert tour known as "The Up In Smoke Tour" ("the Concert Tour").

7. On the evening of Thursday, July 6, 2000, the Concert Tour held a

scheduled performance at the Joe Louis Arena in Detroit, Michigan. Just hours before the performance, representatives of the City of Detroit and armed members of the Detroit Police Department appeared at the arena and demanded that a video allegedly containing violent material not be played during the performance under penalty of arrest (the "Video"). Neither the City nor the Police Department had any court order to support their position, which was clearly a prior restraint of expression and a violation of Plaintiffs' First Amendment rights under the U.S. Constitution. Faced with the eleventh hour demands of the City and its significant police presence and the threat of arrest, as well as a civil disturbance if the police did as they threatened – stopping the performance in mid show – Plaintiffs were forced not to air the Video. Attached hereto as Exhibit A is a copy of an article from the July 7, 2000 edition of the *Detroit Free Press* summarizing the incident and describing the video.

8.   Today, Friday, July 07, 2000, the Concert Tour is scheduled to have a performance at the Palace of Auburn Hills in defendant city beginning at approximately 7:00 p.m.

9.   This morning, Plaintiffs were contacted by the City Manager of Auburn Hills, believed to be Mr. William Ross and Auburn Hills police officer, who informed Plaintiffs that the members of the Auburn Hills Police had been in contact with the City of Detroit and the Detroit Police Department and, as a result of his conversations, demanded that Plaintiffs not air the Video in the City of Auburn Hills at tonight's performance at the Palace of Auburn Hills, again on threat of arrest.

10. Neither Mr. Ross nor any member of the Auburn Hills Police Department has even seen the Video.

## COUNT I - INJUNCTION

11. That unless defendant is restrained from doing so by this Court, Plaintiffs are fearful that Defendant will appear at the Palace of Auburn Hills with armed police officers to demand that the Video not be displayed at tonight's performance at the Palace of Auburn Hills, or otherwise to interfere with the performance. Such action would be a clear violation of the First Amendment of the United States Constitution and 42 USC § 1983, which cannot be avoided without an Order of this Court, and which otherwise will irreparably harm plaintiff's constitutional rights.

12. That there exists no adequate remedy at law to prevent Defendant's activities, and unless Defendant is enjoined by this Court's injunction from engaging in said unconstitutional acts, Plaintiffs shall suffer irreparable harm as their freedom of speech will be violated and tonight's audience will be prevented from viewing the performance in its entirety as intended by Plaintiffs and the other performers of the show.

WHEREFORE, Plaintiffs pray that this Honorable Court issue an Order immediately enjoining and restraining Defendant and its agents, employees, or others acting in concert with Defendant from in any way interfering with the content of Plaintiffs' performance. Further, Plaintiffs pray:

A. For the injunctive relief requested in Count I, above; and

B.  For whatever relief, in law or in equity, is determined to be just and proper.

>HONIGMAN MILLER SCHWARTZ AND COHN
>Attorneys for Plaintiffs
>By: _____
>Herschel P. Fink (P13427)
>Cynthia G. Thomas (P43501)
>Lawrence J. Murphy (P47129)
>2290 First National Building
>Detroit, MI  48226
>Phone:  (313) 465-7400

Dated:  July 7, 2000

DET_C\166724.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED